This case does not present the question whether lost property is the object of larceny, for the original taking of the shawl from the ground was not attended by any circumstance from which a felonious intent could be inferred; it was not done clam et secrete, but openly and publicly. The fraudulent and secret conversion (476) of it afterwards to the defendant's use could not impress a larcenous character on the original taking; at most, it would only be *Page 386 
evidence of the original intent, and the open and public manner in which the act was done precludes all idea of a larcenous intent, and shows, too plainly to be controverted, that such intent, if it ever existed, was an afterthought. So far, therefore, as the secret and fraudulent withdrawal of the shawl from the chain gave a larcenous character to the first taking, it is to be entirely discarded from the case, as even those that think that lost goods are the object of larceny admit that the original taking must be with a larcenous intent; that no after-thought, or after-act, can convert it into a felony. For my own part, thinking that there must be an unlawful taking from the possession of the owner to constitute a larceny, I am of opinion that lost goods are not the object of larceny. Some of my reasons, given in a much more forcible manner than I can give them, are to be found in Judge Spencer's opinion in the case of the People v. Anderson, 14 John., 294. Runaway slaves do not fall within the description of lost property, for from their nature, being intelligent beings, they are incapable of becoming estrays in the legal or technical meaning of the word, which class of lost property they, in their runaway state, more closely resemble than any other. Possibly this exception to the general rule may be founded in policy, as no vigilance of the owner can prevent their absconding, and the law attaches some degree of negligence to the owner in losing his property, and therefore does not protect it, when lost, by high penal sanctions. If the removal of the shawl from the chain was a continuous act of the possession acquired by the defendant when he took it from the ground, and not a distinct and independent acquisition, it was entirely immaterial whether he then knew who was the owner, or whether she was then within the ring, or within the sound of his voice; in neither case could it be a larceny. To constitute it a larceny, there must have been (477) an abandonment of the possession by the finder before it was taken from the chain. Whether there had been such an abandonment should have been submitted to the jury. It is true it is a question of law, to be decided by the court, but the facts upon which it arises are to be ascertained, either by the admission of the party upon record or by the verdict of the jury. The facts, then, are in no way ascertained, for abandonment is an intent of the mind, evidenced, it is true, by an overt act, from which, as in the present case, the jury alone is competent to make the inference. There is no fact stated upon the record from which the law can draw the inference. The quo animo with which the defendant placed the shawl on the chain, standing by or near to it, is for the jury and not for the court, and I would not add a single instance of an inference of fact to be drawn by the law, and very clearly this is not a case where any judge would do so. The act is too equivocal and subject to too many shades of difference to infer from it any rule of *Page 387 
intent applicable to all cases, and each case must be left to be decided according to its own particular and minute circumstances; that is, according to the actual intent in each particular case. I am of opinion, therefore, that the defendant is entitled to a new trial, because the intention with which he placed the shawl on the chain was not submitted to the jury, and without an abandonment of possession by him, no matter under what circumstances he afterwards withdrew it from the chain; no matter whether he knew who was the owner or not, or whether she was or was not within the sound of his voice, such withdrawal was not a larceny. Should the jury be of opinion that there had been an abandonment of the possession, I am not prepared to say that the article was then placed in a situation to be the object of larceny. Did such abandonment by hanging it on the chain, if it was an abandonment, restore the possession to the owner, without her knowledge? And did it merely cease to be lost property? Or did it only restore it to its situation when it was first discovered on the ground?
These are questions I leave to future discussion, if the occasion should require it, for, as I said before, I am not prepared to (478) decide them.
PER CURIAM. Judgment reversed.
Cited: S. v. Williams, 31 N.C. 146; S. v. Farrow, 61 N.C. 163; S. v.Deal, 64 N.C. 275.